UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL H. SUNDSTROM, | ) | CASE NO.  4:13 CV0707 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| F.C.I.  ELKTON WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Daniel H. Sundstrom's above-captioned habeas corpus action pursuant to 28 U.S.C. § 2241.  He originally named Correction Corporation of America, Northeast Ohio Correctional Center (N.E.O.C.C.), N.E.O.C.C. Warden Michael Pugh, an Unidentified N.E.O.C.C. Employee and the Federal Bureau of Prisons ("BOP") as respondents. Since the date this action was filed, Mr. Sundstrom voluntarily dismissed Correction Corporation of America, N.E.O.C.C., Warden Pugh and the Unidentified N.E.O.C.C. employee as respondents.

Mr. Sundstrom, who was incarcerated at N.E.O.C.C. at the time he filed this petition, asserts he is entitled to an earlier release date because the BOP failed to include sentencing credit to which he believes he is entitled.  For the reasons set forth below, the petition is dismissed as moot.

*Background*

On or about October 4, 2011, border patrol officials arrested Mr. Sundstrom in Sault Ste. Marie, Michigan.  Later that day, the border patrol turned him over to Bureau of Immigration and

Customs Enforcment (BICE) agents.

Twenty-one days after Mr. Sundstrom's arrest by the border patrol in Chippewa County Michigan, Magistrate Judge Timothy P. Greeley issued a criminal complaint against him in the United States District Court for the Western District of Michigan.  *See United States v. Sundstrom*, No. 2:11-mj-0047 (W.D. Mich. filed Oct 25, 2011).   The complaint charged Mr. Sundstrom, who is Canadian citizen, with "Reentry of a Removed Alien after Conviction of a Felony" in violation of 8 U.S.C. 1326(a), (b)(1).  A U.S. Marshal warrant for his arrest was issued and executed on the date the criminal complaint was filed. *Id.* (Doc. No. 3.)

Mr. Sundstrom was indicted on one count of "Reentry of Deported Alien" on November 15, 2011. *See United States v. Sundstrom*, No. 2:11-cr-0053 (W.D. Mich. Filed Oct 25, 2011)(Edgar, J.)   After pleading guilty to the charge, Mr. Sundstrom was sentenced by Judge R. Allan Edgar to serve 24 months in prison on May 24, 2012.  *Id*. (Doc. No. 30).

Six months after Mr. Sundstrom's sentence was imposed, he wrote a letter to Judge Edgar complaining that the BOP was improperly calculating his sentence release date.  *Id.* (Doc. No. 31). He argued the BOP incorrectly considered the time he spent in Chippewa County, from October 4, 2011 until October 24, 2011, "administrative time."[1]  Therefore, the BOP refused to consider that

---

[1]BOP Program Statement 5880.28, "Sentence Computation Manual," reads as follows:

> Official detention does not include time spent in the custody of the U.S. Immigration & Naturalization Service (INS) under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability. An inmate being held by INS pending a civil deportation determination is not being held in "official detention" pending criminal charges.

(Program Statement 5880.28 at p. 1-15A ).

-2-

period as a time of  "official detention" for which he would be entitled to federal sentence credit under 18 U.S.C. § 3585.

During the same time period in which Mr. Sundstrom was challenging the BOP's calculation of his sentence in the trial court, he filed the petition before this Court.  Since that date, he has now advised the Court that he completed the process of exhausting his administrative remedies through the BOP.

*Analysis*

Mr. Sundstrom argues the BOP is still refusing to acknowledge he was in "official detention" from October 4, 2011 until October 24, 2011.   From his perspective, he was in official detention during this period because he claims the immigration officials instinctively knew he reentered the United States illegally.  He concludes that the only purpose for which he was being held was to face future charges from federal court.  He cites a footnote in an unreported opinion from the United States District Court of Minnesota to argue that being held by immigration officials can qualify as official detention. *See Stojkowski v. Fisher*, Civ. No. 10–2390, 2011 WL 1831680, n. *7 (D. Minn. Apr. 18, 2011)(in "the custody of United States Immigration and Customs Enforcement (ICE) might still be considered 'official custody.') [2]   It is on this basis that he challenges the BOP's decision to deny him federal sentence credit because his BICE detention was not considered "official

---

[2]The court notes that the District Court of Minnesota's opinion in *Stojkowski* did not hold that simply being in BICE custody could be considered "official detention."  Instead, the court focused on whether the government "shifted from holding the Petitioner for *removal proceedings to holding him for criminal proceedings*" during the time he was detained. *Id.*(emphasis added) (citing *Galan-Paredes v. Hogsten*, 1:CV-06-1730, 2007 WL 30329 at *3 (M.D. Pa. Jan. 3, 2007)).  That shift was not arbitrarily determined based on whether an ICE official 'sensed' an individual illegally entered the country, but only occurred when that official is formally put on notice by the issuance of a criminal complaint or indictment.  It is that event that prompts a shift in the detainee's status.

-3-

detention," for § 3585 purposes, until a criminal complaint was filed.

*Standard of Review*

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir.2011) (*quoting* Section 2241(c)). Because Mr. Sundstrom is appearing *pro se*, the allegations in his petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir.2001). However, this Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines the petition fails to establish adequate grounds for relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775(1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

*28 U.S.C. § 2241*

When a prisoner challenges the "legality or duration" of his confinement a habeas corpus proceeding is the proper mechanism. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). By statute, this court is required to direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon

the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Braden*, 410 U.S. at 495.

A court's personal jurisdiction is determined at the time the petition is filed in federal court. *See e.g. Spencer v. Kemna*, 523 U.S. 1, 7 (1998)(for the purposes of the habeas statutes, petitioner need only be "in custody" at the time the petition was filed); *Cohen v. United States*, 593 F.2d 766, 767 (6th Cir. 1979)(prisoner transfer pending review in habeas corpus proceeding did not divest court of subject matter jurisdiction).   Without question, this Court had personal jurisdiction over Mr. Sundstrom's custodian at the time he filed this Petition.  *See Braden*, 410 U.S. at 494-95 (court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian).  Although this was the proper venue for Mr. Sundstrom to file his request for habeas relief,  *see e.g. Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 584-585 (1999)(proper to resolve personal jurisdiction ... without having first determined subject matter jurisdiction), the warden at N.E.O.C.C. is no longer his custodian.  BOP records reveal Mr. Sundstrom was released from his term of imprisonment, *see* http://www.bop.gov/iloc2/LocateInmate.jsp., and may have returned to Canada.[3]  Because he is no longer serving his sentence and has been released from custody, the Court can no longer provide habeas relief.

*Moot*

To exercise its power under Article III of the Constitution, this Court must have a live case or controversy.  *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).   When a case or issue

---

[3]The Change of Address Notice Mr. Sundstrom filed in the Western District Court of Michigan indicates he is now in Ontario, Canada. *See Sundstrom,* No. 2:11-cr-00053 (Doc. No. 48.)

has "lost its character as a present, live controversy" the court loses jurisdiction, rendering the matter moot. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because this Court's authority is dependent upon a live case or controversy, mootness is a jurisdictional question. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

The Supreme Court has consistently held that, unless an injury is accompanied by "continuing, present adverse effects, [it] does not in itself show a present case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)(quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Mr. Sundstrom is no longer in custody serving a criminal sentence.[4] Inasmuch as federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue," *NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir.2001), the Court lacks subject matter jurisdiction over the petition, which is rendered moot.

*Conclusion*

Based on the foregoing, the "Motion to Withdraw Motion to Proceed *In Forma Pauperis*" (Doc. No. 7) and "Motion to Withdraw Motion for Appointment of Counsel and Motion to Compel Discovery" (Doc. No. 14) are **granted**, the "Motion for Expedited Hearing" (Doc. No. 3) is **denied** and Petition is **dismissed** as moot pursuant to 28 U.S.C. §2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

---

[4]The court is mindful that the deportation of an alien while his petition for habeas corpus is pending neither deprives the court of jurisdiction over that petition nor does it necessarily render moot the claims in that petition. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 450 (6th Cir. 2004)(citing 28 U.S.C. § 2241; INA § 306(a)(2), 8 U.S.C.§ 1252). However, Mr. Sundstrom filed his petition seeking habeas relief from his criminal sentence, not as an alien detainee.

in good faith.[5]

IT IS SO ORDERED.

  /s/Donald C. Nugent 3/3/14
DONALD C.  NUGENT
UNITED STATES DISTRICT JUDGE

---

[5]28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."